**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DR. REMA VASSAR,

Plaintiff, Case No. 2:26-cv-14012

v. Hon. Stephen J. Murphy, III
Magistrate Judge David R. Grand

BRIAN QUINN, et al.,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF MICHIGAN UNDER 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, 28 U.S.C. § 1406(a)**

Plaintiff Dr. Rema Vassar moves under 28 U.S.C. § 1404(a), or in the alternative 28 U.S.C. § 1406(a), to transfer this action to the United States District Court for the Western District of Michigan, Southern Division, and states:

1. Plaintiff commenced this civil rights action on October 20, 2026, within the limitations periods applicable to her claims.

2. Every individual Defendant resides in, and every official-capacity Defendant performs his or her official duties in, the Western District of Michigan, and the core events giving rise to the claims occurred at Michigan State University in East Lansing, Ingham County, in that District. This action might have been brought there. 28 U.S.C. § 1391(b)(1), (b)(2).

3. Plaintiff, the party whose forum choice would ordinarily receive deference, herself seeks transfer promptly and before any Defendant has been served or has appeared. The convenience of the parties and witnesses and the interest of justice favor transfer under 28 U.S.C. § 1404(a).

4. In the alternative, if the Court concludes that venue in this District is improper, the interest of justice requires transfer rather than dismissal under 28

U.S.C. § 1406(a), because dismissal would expose timely commenced claims to a limitations bar that transfer avoids.

5. Pursuant to E.D. Mich. LR 7.1(a)(2)(B), movant states that despite reasonable and timely efforts, specified here, no conference could be conducted: no Defendant has been served or has appeared, and no counsel has appeared for any Defendant, so there was no party or counsel with whom to confer, and movant was unable to ascertain whether the motion will be opposed. In the interest of full candor, counsel who has responded to Plaintiff's correspondence in this matter, most recently by letter dated October 27, 2026, has done so expressly and solely on behalf of Michigan State University, which is not a party to this action, and that counsel has not appeared for any Defendant. Plaintiff will promptly advise the Court if counsel appears for any Defendant and will pursue a stipulated order of transfer in lieu of this motion if concurrence is obtained.

6. A brief in support accompanies this motion, and a proposed order is submitted with it.

WHEREFORE, Plaintiff respectfully requests that the Court transfer this action to the United States District Court for the Western District of Michigan, Southern Division.

Respectfully submitted,

**MAVACY PLLC**
By: /s/ Martin T. Shepherd
Martin T. Shepherd (P65331)
801 W. Ann Arbor Trail, Suite 205
Plymouth, Michigan 48170
(248) 469-4086 | mshepherd@mavacy.com

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
1300 Broadway Street, Fifth Floor
Detroit, Michigan 48226
(313) 777-7529 | jon@markolaw.com

*Co-Counsel for Plaintiff Dr. Rema Vassar*

Dated: October 28, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DR. REMA VASSAR,

Plaintiff,

Case No. 2:26-cv-14012

v.

Hon. Stephen J. Murphy, III
Magistrate Judge David R. Grand

BRIAN QUINN, et al.,

Defendants.
_____________________________________________/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER VENUE

## STATEMENT OF THE ISSUE PRESENTED

Whether this action should be transferred to the Western District of Michigan, where every Defendant resides or serves and where the operative events occurred, on the prompt motion of the Plaintiff herself.

Plaintiff answers: Yes.

## CONTROLLING AUTHORITY

28 U.S.C. §§ 1404(a), 1406(a), 1391(b); Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962); Phelps v. McClellan, 30 F.3d 658 (6th Cir. 1994); Moses v. Business Card Express, Inc., 929 F.2d 1131 (6th Cir. 1991).

## BACKGROUND

This is a civil rights action under 42 U.S.C. §§ 1983, 1985(3), and 1981 by an elected member of the Michigan State University Board of Trustees against individual University officers and trustees, and against officers of the Board in their official capacities for prospective relief. The claims arise from a course of conduct centered at the University in East Lansing, Ingham County, Michigan. Dr. Vassar resides in Wayne County, in this District, where the stigmatizing publications were disseminated, where a 2026 campaign of threats was directed to

her home, and where the resulting protective measures were coordinated with the Detroit Police Department. Plaintiff filed on October 20, 2026, within the applicable limitations periods, and now moves, before serving any Defendant, to place the case in the district where the Defendants reside and the events occurred.

Plaintiff states the posture candidly. The complaint was filed in this District, where Plaintiff resides and where venue lies under 28 U.S.C. § 1391(b)(2), on the final day before a potential limitations bar, and Plaintiff now seeks by her own prompt motion to move the case to the district of every Defendant's residence. Nothing about this sequence prejudices any party: no Defendant has been served, no deadline has begun to run against any Defendant, and the transferee district is the Defendants' home forum.

## ARGUMENT

### I. This action might have been brought in the Western District of Michigan.

Transfer under § 1404(a) lies to any district where the action "might have been brought." Each individual Defendant resides in the Western District, each official-capacity Defendant performs his or her official duties at the University's East Lansing campus in that District, and a substantial part of the events giving rise to the claims occurred there, including the October 2023 letters and public campaign, the 2024 investigation, report, censure, and referral, the implementation of sanctions, and the 2026 code of conduct and its enforcement. Venue would be proper there under § 1391(b)(1) and (b)(2), and personal jurisdiction over Michigan-resident Defendants is not in doubt.

### II. The § 1404(a) factors decisively favor transfer.

District courts weigh the private interests of the parties, including convenience to parties and witnesses and access to sources of proof, and public-interest factors, including docket considerations and the local interest in deciding local controversies at home. Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994);

Moses, 929 F.2d at 1137. The ordinary counterweight, deference to the plaintiff's choice of forum, is absent: the Plaintiff herself moves, promptly and before service. Every party convenience points west: all Defendants reside or serve there; the Board's records, the investigative record, and nearly all non-party witnesses, including University administrators and trustees, are in or near East Lansing. The public factors align: this dispute over the governance of Michigan's land-grant university and the conduct of its Board is a controversy of the Western District, and related litigation between overlapping parties, Lipton v. Vassar, No. 1:24-cv-1029 (W.D. Mich.) (closed), proceeded there. The interest of justice is served by placing the case, at its outset and before any responsive pleading, in the forum where it will most efficiently be tried.

**III. In the alternative, § 1406(a) requires transfer rather than dismissal.**

If the Court were to conclude that venue in this District is improper notwithstanding § 1391(b)(2), the remedy is transfer, not dismissal. Section 1406(a) directs that a district court "shall dismiss, or if it be in the interest of justice, transfer" a case laying venue in the wrong district. Where dismissal would expose timely filed claims to a limitations bar, the interest of justice compels transfer; that principle animates Goldlawr, 369 U.S. at 466-67, which sustains the transfer power even where the transferor court lacks personal jurisdiction. Plaintiff commenced this action within the limitations period; a transfer under either statute preserves the original filing date, and dismissal would serve no interest except forfeiture.

**CONCLUSION**

Plaintiff respectfully requests that the Court transfer this action to the United States District Court for the Western District of Michigan, Southern Division.

Respectfully submitted,

**MAVACY PLLC**
By: /s/ Martin T. Shepherd
Martin T. Shepherd (P65331)
801 W. Ann Arbor Trail, Suite 205
Plymouth, Michigan 48170
(248) 469-4086 | mshepherd@mavacy.com

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
1300 Broadway Street, Fifth Floor
Detroit, Michigan 48226
(313) 777-7529 | jon@markolaw.com

*Co-Counsel for Plaintiff Dr. Rema Vassar*

Dated: October 28, 2026

## CERTIFICATE OF SERVICE

I certify that on October 28, 2026, I filed this motion and brief with the Clerk of the Court using the CM/ECF system. No Defendant has yet been served or appeared; Plaintiff will serve this motion with the summons and complaint or upon any Defendant's appearance, whichever occurs first.

/s/ Martin T. Shepherd
Martin T. Shepherd (P65331)